HANK B. VANBEEVER and CAROLYN G. VANBEEVER,

Appellees

v.

JOHN H. DeWOLF, Appellant

No. 75-1650

HANK B. VANBEEVER and CAROLYN G. VANBEEVER,

Appellees

v.

JOHN H. DeWOLF, Appellant

No. 75-1978

United States Court of Appeals

Third Circuit

Argued December 5, 1975

Filed January 29, 1976

WILLIAM A. PALLME, ESQ. (PALLME, ANDUZE & MITCH-
ELL), St. Thomas, V.I., *for appellant*

JOHN L. MADURO, ESQ., St. Thomas, V.I., *for appellees*

Before ALDISERT, WEIS and GARTH, *Circuit Judges*

## PER CURIAM

The question presented is whether the district court erred in refusing to vacate and set aside a judgment entered following a decision in a non-jury *ex parte* trial.[1] Appellant, a yacht-broker, was the defendant named in a complaint alleging fraud in a purchase of a sailing yacht for the plaintiffs. The action was commenced in the United States District Court for the District of Connecticut, appropriate service was obtained, and on November 22, 1972, Thomas F. Wall, a Connecticut lawyer, entered an appearance as attorney for the defendant. The parties stipulated to a transfer of the action to the District Court for the Virgin Islands pursuant to 28 U.S.C. § 1404(a). By order of the Connecticut District Court the proceeding was transferred, the case was docketed in the District Court of the Virgin Islands, Division of St. Thomas and St. John, on December 22, 1972. No answer was filed.

Thereafter, in mid-December of 1974, the District Court for the Virgin Islands prepared a six-month trial calendar, which was distributed to lawyers in the Virgin Islands. In that trial calendar, this action was set for trial to commence during the week of March 24, 1975.

On the date called for trial, March 26, 1975, a hearing went forward in the court—*ex parte* and non-jury. The plaintiffs called three witnesses who gave detailed testimony relating to liability and damages, and then rested. At the conclusion of the testimony, the court announced an

---

[1] Appellant filed a notice of appeal at No. 75-1650 on May 12, 1975, from the judgment entered on April 10, 1975. He had moved to vacate the judgment on April 23, 1975. A notice of appeal was filed on July 17, 1975, from the order denying the motion to vacate entered June 18, 1975. The same issues are presented in both appeals which have been consolidated. Accordingly, and also because appellees would not be prejudiced, we need not dismiss the appeal at No. 75-1650 as appealing a non-final decision. Hodge v. Hodge, 507 F.2d 87, 89 (3d Cir. 1975).

oral decision in open court in favor of the plaintiffs. On April 10, 1975, that decision was reduced to a written judgment in favor of the plaintiffs, detailing compensatory damages of $20,000.00 with interest, punitive damages of $30,000.00, attorneys' fees of $850.00 and out of court expenses of $826.40.

Prior to the entry of judgment, no attorney had entered an appearance for appellant in the Virgin Islands. Subsequently, appellant through counsel moved to vacate and set aside the judgment "on the ground of excusable neglect through failure of the defendant to have actual notice of the completed transfer of this action." The district court denied the motion, stating: "In all the period from the date of the docketing of this case in the District of the Virgin Islands, nothing was heard from defendant, neither in person nor by counsel."

■ That a litigant is entitled to notice of a court hearing is so axiomatic that no authority need be cited. The critical question on this appeal, therefore, is whether appellant received adequate notice of the March 1975 trial date. We hold that he did not.

First, we note that there is no contention that appellant received personal and actual notice of the trial date. But adequate notice of a hearing need not be personal notice. Notice to a litigant's attorney of record is sufficient.

In this case, the six-month trial calendar was distributed to members of the Virgin Islands bar of the District Court, Division of St. Thomas and St. John; it was not sent to appellant's Connecticut counsel, the only counsel of record for appellant. Such transmittal would not have been difficult. In addition to the formal document of appearance entered by Connecticut Attorney Wall, set forth in the record sent to the Virgin Islands from the District Court of Connecticut, the regular D.C. Form 106 reveals the following information under the "Attorneys" heading: "For defend-

634

ant: Thomas F. Wall, Wall, Wall & Frauenhofer, 177 Main Street, Box 57, Torrington, Conn."

■ Appellees seek to legitimate the trial proceedings on the theory that appellant, in fact, had a Virgin Islands lawyer. Appellant admits that in 1972 he consulted Virgin Islands Attorney Pallme, who referred the case to counsel in Connecticut where the action was pending. Appellant did not then retain Virgin Islands counsel. After the action was transferred to the Virgin Islands, Attorney Pallme wrote two letters to appellant, advising him that they should discuss the case, with a view towards entering an agreement of retainer. The last of these letters was dated March 27, 1973—almost two years to the day before the trial was had in this case. Appellant did not respond to these letters; by affidavit filed in the district court, he has stated that he never received them. We cannot equate an informal consultation with counsel, almost three years before trial, with a formal retention of counsel or a formal appearance by counsel in court. Accordingly, the distribution of the six-month trial calendar to Virgin Islands lawyers, including Attorney Pallme, for a case other than the one at bar, was insufficient notice to appellant that the lawsuit in which he was named as a defendant was ready for trial.

■ ■ Appellees argue finally that appellant forfeited his right to actual or constructive notice of trial by not taking affirmative action to acquaint himself with the state of the St. Thomas trial docket following transfer from Connecticut. We disagree. Whatever persuasive power this argument would have possessed had the defendant entered a pro se appearance setting forth a personal mailing address, the reality is that an appearance was made for him in this action by Connecticut counsel with a specific Torrington, Connecticut office address. Under these circum-

stances, the appellees were obliged to insure that appellant or his counsel of record—in this case, Attorney Wall of Connecticut—received notice of the trial. Had counsel of record received the master court calendar, the requirement of adequate notice would have been satisfied because of the reasonable probability that the lawyer recipient would have examined the list and acquired actual knowledge of the trial date.

Absent such presumptive notice, or actual notice, the ex parte court proceedings which resulted in an adverse money damage judgment against the appellant cannot be said to have satisfied standards of fundamental fairness and justice. Accordingly, we hold that the court erred in denying the motion of the defendant to vacate and set aside the final judgment of April 10, 1975.

The oral decision of the district court of March 26, 1975, adjudicating the cause in favor of the plaintiff will be set aside, the judgment of April 10, 1975, will be vacated, and the proceedings remanded with a direction that a date be set for an adversary trial de novo.

Costs taxed against appellant.